UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE OBASEKI and
DOMONIQUE OBASEKI,

        Plaintiffs,

v.

63RD DISTRICT COURT,

        Defendant.
_____/

Case No. 1:23-cv-409

Hon. Paul L. Maloney

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiffs Andre Obaseki and Domonique Obaseki against defendants Rose Lake LLC, Serenity Ridge Management LLC, Jesson & Dykstra PLC, Emily Jou, and Kotz Sangster Wysocki PC.  *See* Compl. (ECF No. 1).  For the reasons set forth below, this complaint should be dismissed.

### I.    Plaintiffs' complaint

Plaintiffs summarized the underlying facts as follows:

> Plaintiffs allege that the landlord of their residential property engaged in discriminatory conduct by directing a law firm to file an unjust eviction action against them and posting the eviction notice on their front door while they were out of town. Plaintiffs assert that they were current on their rent payments and had an ongoing dispute with the landlord regarding necessary repairs to the property.

Compl. at PageID.2.  Attached to the complaint is a "Letter of Warning" from a Court Officer at Michigan's 63rd District Court, dated April 19, 2023, which states that:

> An **ORDER OF EVICTION** regarding the property has been issued by a District Judge of the 63rd District Court in File #D23c-00122-LT.  You must voluntarily vacate the premises with all your personal belongings by: Friday 4-21-

23 a 800 AM or your personal belongings will be removed from the premises and placed by the curb.

Letter of Warning (ECF No. 1-1, PageID.7).

Plaintiffs allege a list of constitutional, statutory, and common violations related to their eviction: "Plaintiffs allege that the state judge presiding over their eviction case deprived them of their due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution"; "Plaintiffs allege that Defendants filed a false eviction action and furnished deceptive forms to Plaintiffs in violation of the Fair Debt Collection Practices Act (FDCPA)"; "Plaintiffs allege that Defendants engaged in unfair practices in violation of the FDCPA by charging excessive late fees"; "Plaintiffs allege that Defendants conspired to deprive them of their constitutional rights in violation of 42 U.S.C. § 1983"; "Plaintiffs allege that Defendants furnished deceptive forms in violation of the FDCPA"; and, "Plaintiffs allege that Defendants' actions in filing the false eviction action and taking other unwarranted legal actions have caused harm to their reputation and economic loss." *Id*. at PageID.2-3.

Plaintiffs allege the following "Facts Supporting Claim":

A. Due Process: Plaintiffs allege that they were denied due process in their eviction case, as the state judge ignored their requests for change of venue, allowed perjury to occur, and held a trial despite their absence.

B. False and Misleading Representation: Plaintiffs allege that Defendants used deceptive practices and misrepresented the true nature of their legal situation.

C. Unfair Practices: Plaintiffs allege that Defendants charged excessive late fees, creating undue financial hardship.

D. Conspiracy: Plaintiffs allege that Defendants conspired to deprive them of their constitutional rights.

E. Furnishing Deceptive Forms: Plaintiffs allege that Defendants furnished deceptive forms in relation to their eviction case.

> F. Defamation of Character: Plaintiffs allege that Defendants' actions in filing a false eviction notice and retaliating against them with a notice to quit have caused reputational harm and economic loss.

*Id*. at PageID.3-4.  For their relief arising from the eviction from residential property, plaintiff seek statutory damages, punitive damages, and fifty million dollars "for loss of future earnings and potential business that could have been secured." *Id*. at PageID.4.

## II. Lack of Jurisdiction

In their complaint, plaintiffs allege "that they were denied due process in their eviction case, as the state judge [at the 63rd District Court] ignored their requests for change of venue, allowed perjury to occur, and held a trial despite their absence infringes upon both the Due Process and Equal Protection Clauses of the U.S. Constitution."  PageID.1.  For their relief, plaintiffs state in part:

> The plaintiff [sic] requests an emergency stay of the eviction proceedings currently taking place in state court, pending the outcome of this federal lawsuit. The plaintiff [sic] would suffer irreparable harm if the judgment at the state level is upheld and the plaintiff [sic] is forced to vacate their place of domicile.

*Id*.

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).  Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014).  In this regard, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  *See Arbaugh*

*v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction").

Plaintiffs' lawsuit lies outside of this Court's subject matter jurisdiction because it asks this Court to stay and then reverse the state court's order of eviction (*i.e.*, "plaintiff [sic] would suffer irreparable harm if the judgment at the state level is upheld").  "The *Rooker-Feldman* doctrine provides that lower federal courts do not have subject matter jurisdiction to review final judgments from state court." *Kewadin Casinos Gaming Authority v. Draganchuk*, 584 F. Supp. 3d 468, 474 (W.D. Mich. 2022) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The *Rooker-Feldman* doctrine also prohibits this Court from reviewing orders from lower state courts such as defendant 63rd District Court.  *See Pieper v. American Arbitration Association, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003) (joining "the majority of circuits that have concluded that the *Rooker-Feldman* doctrine *does* apply to interlocutory orders and to orders of lower state courts") (emphasis added).  This Court lacks jurisdiction to address plaintiffs' complaint, which asks this Court to stay a state court's order of eviction which allegedly violated their federal constitutional rights because "the state judge ignored their requests for change of venue, allowed perjury to occur, and held a trial despite their absence."  Compl. at PageID.3.  Plaintiffs' lawsuit arises from the state court's order of eviction and is essentially an appeal of a state-court order which is prohibited by the *Rooker-Feldman* doctrine.  *See RLR Investments, LLC v. City of Pigeon Forge, Tennessee*, 4 F.4th 380, 388 (6th Cir. 2021) ("By asking a federal court to declare a state-court order unconstitutional and

4

prevent its enforcement, [the plaintiff] impermissibly appealed the state court's order to the federal district court"). For these reasons, plaintiffs' lawsuit, which is premised on the constitutional deficiency of the 63rd District Court's Order of Eviction, should be dismissed for lack of jurisdiction.

### III.    Failure to state claim

In addition, the Court allowed plaintiffs to file this action *in forma pauperis* pursuant to § 1915. *See* Orders (ECF Nos. 10 and 14). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. In addition,

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's*

5

*Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

Here, plaintiffs' complaint consists of conclusory claims against five defendants: Rose Lake LLC; Serenity Ridge Management LLC; Jesson & Dykstra PLC; Emily Jou; and Kotz Sangster Wysocki PC.  Plaintiffs' complaint is an example of "group pleading", a litigation tactic which raises claims against numerous defendants without regard to the actions of a particular defendant. As this Court observed in *Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125 (W.D. Mich. 2019):

> [Plaintiff] Courser's First Amended Complaint—steeped in conspiracy allegations—is a prime example of a tactic known as group pleading. As one court has explained, "[a] complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012).

*Courser*, 404 F. Supp. 3d at 1140.

Here, plaintiffs' complaint does not identify the landlord or point out each defendant's specific actions which support the alleged causes of actions. Plaintiffs' complaint fails to state a claim because it fails to give defendants a fair notice of the claims (*see Twombly*, 550 U.S. at 555) and fails to plead factual content that allows the court to draw the reasonable inference that each defendant is liable for the alleged misconduct (*see Iqbal*, 556 U.S. at 678).  Accordingly, for all of these reasons, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV.     Recommendation**

Accordingly, I respectfully recommend that plaintiffs' complaint be **DISMISSED**.

Dated:  June 8, 2023                                             /s/ Ray Kent
                                                                              RAY KENT
                                                                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).